LAWRENCE WORRALL et al., appellants,

v.

JOHN EASTWOOD, respondent.

On January 4th, 1869, a mortgage for $20,000, payable in five years thereafter, was given to respondent on lands in Elizabeth. In 1881, no part of the principal having been paid, one of the appellants, a married woman, who held

a second mortgage on the Elizabeth property, gave respondent a mortgage of $5,000 on her own lands in Monmouth county as collateral security, under a verbal agreement that respondent should extend the time of payment of the $20,000 mortgage for five years from February 6th, 1881, and that the appellants should pay the taxes and assessments on the Elizabeth property, and also pay the interest on the $20,000 mortgage. In 1879, the principal mortgagor deposited with the respondent certain bonds as collateral security for the payment of these taxes. In June, 1883, the same appellant gave respondent another mortgage for $5,000, on her same tract of land in Monmouth county, as additional collateral security; it was made payable in four years from February 5th, 1883, and was given after respondent had made a written proposition to her to the effect that, if she would give him such second $5,000 mortgage, and pay the accumulated taxes on the Elizabeth property (which then far exceeded the amount of the bonds deposited as aforesaid), and also pay the interest accrued on the $20,000 mortgage, he would execute a written agreement ratifying and validating his former parol agreement to extend the time of payment of the principal of the $20,000 mortgage until February 6th, 1886, which former agreement, he claimed, had been forfeited by the appellants' non-payment of the taxes, assessments and interest.—*Held*, that the last-given mortgage did not extend the time for paying the principal of the $20,000 mortgage until February 5th, 1887, and that, consequently, a bill filed on February 16th, 1886, to foreclose the $20,000 mortgage, was not premature.

On appeal from a decree of the Chancellor, who filed the following opinion :

This suit is brought to foreclose a mortgage given by Noah Worrall and Wade B. Worrall to the complainant, January 4th, 1869, upon land in the city of Elizabeth, to secure the payment of $20,000 in one year from the date of the instrument, with interest. The defence is two-fold. One ground is, that the time for payment of the mortgage was extended in June, 1883, for the period of four years from the 5th of February in that year, in consideration of the giving by the defendants, Georgia A. Worrall, holder of the second mortgage upon the premises, and her husband, Lawrence Worrall, of a mortgage for $5,000 on her own property in Monmouth county, as collateral security for the payment of the complainant's mortgage. The other ground is that the complainant, in 1881, in consideration of the giving to him, by the same parties, of a like collateral mortgage upon the same property of Georgia A. Worrall, agreed with them to

extend the time of payment of the principal mortgage for five years from the 5th of February in that year, and also that he would accept payment of that mortgage whenever tendered to him by them, and would, upon such payment, assign the mortgage and the bond, the payment of which it was given to secure, with all collaterals, to any one whom they might designate; and that he would execute an agreement binding him accordingly. It appears that an agreement was drawn about that time and sent to the complainant to be signed by him, but he did not sign it. It is said that when he received the paper, he was making his preparations for a visit to Europe, and that owing to press of business he did not sign it, and that when he returned, finding, as he alleges, that Worrall and his wife had not complied with what he states was part of the terms, the payment of taxes upon the Elizabeth property, he was unwilling to sign it, and, in fact, never did execute it, and it has been lost. The questions raised are, whether the alleged extension for four years from the 5th of February, 1883, was made, and whether the complainant made the agreement to assign. The alleged agreement to assign is not proved. It may be added that the money due upon the principal mortgage has never been tendered to the complainant, and that he has been willing to assign it upon receiving the money, although he has denied, as he still does, that he ever made such agreement.

As to the agreement to extend the time of payment, Mr. Worrall testifies that there have been four extensions granted by the complainant, but, according to his testimony, there were only three: the first, for one year, from January 24th, 1878, to January 24th, 1879; the next, for three years, from January, 1879, to January, 1882; and the third, for five years, from the last-mentioned date, i. e., to January, 1887. The bill was filed February 16th, 1886.

It seems clear that there was a definite agreement between the parties for an extension of five years from either the 1st of January or 6th of February, 1881, in consideration of the giving of the $5,000 collateral mortgage. Mr. Hubbell, who was the attorney for the complainant in that matter, says, in his testimony, that the extension was for five years from the 6th of

February, 1881, but in his letter of May 12th, 1883, to Mr. Worrall, he says that the complainant "recognizes the agreement already made providing for a five-year extension from January 1st, 1881." And, in a subsequent letter to the same person, dated May 22d, 1883, he refers to the extension as one of five years from January 1st, 1881. The complainant, in the replication, says that the extension was from February 5th, 1881, and he seems to have thought so when he testified in the cause. On the other hand, Mr. Worrall testifies that the five-year extension was from the month of January. The discrepancy as to the month in which the extension began is not material. The important question is as to the year. The $5,000 collateral bond and mortgage which were given in pursuance of that agreement, were dated February 5th, 1881, and were made payable in five years from that date.

It is very noteworthy that Mr. Worrall did not deny nor did he in any way protest against or seek to correct or even refer to the statements in the letters just mentioned, that the extension was five years from January 1st, 1881, but passed them by in silence. Nor does he give any plausible reason for not speaking of them. It may be added that in the answers, both of which are sworn to in pursuance of the call of the bill, it is stated that the agreement was that the time should be extended for the term of five years from the 5th day of February, 1883; and further, that the principal debt will not be due until the 5th of February, 1888. They are both sworn to by Mr. Worrall. These statements are contrary to his testimony upon the subject. He says, however, that they are erroneous, and that the mistake is due to a clerical error.

Nor do the collateral bond and mortgage for $5,000, which were given in 1883, considered in the light of the evidence in reference to them, support the claim that the extension was until 1887. Those instruments were drawn by Mr. Hubbell. As drawn by him the bond was payable in four years from February 5th, 1883, and the mortgage stated that the money would be payable in four years from February 5th, 1881, and it stated that such was the condition of the

Worrall v. Eastwood.

bond.    Mr. Worrall altered the mortgage before execution, by changing that statement therein so as to conform to the statement in the condition of the bond.    Mr. Hubbell says he cannot account for those errors in the bond and mortgage, and that he did not perceive them until the papers were returned to him executed, and that he then regarded the mistake as of no importance, practically, because the bond and mortgage were given merely as collateral security.    In his letter of May 12th, 1883, before referred to, in which Mr. Hubbell asked for a collateral bond and mortgage for $5,000, he said that if such bond and mortgage were given, the complainant would execute an agreement not to call for the principal (of the principal mortgage) in five years from January 1st, 1881, provided that the interest and taxes should be paid in the meanwhile; and added that (as before stated) the complainant recognized the agreement already made providing for a five-year extension from January 1st, 1881, but that the complainant insisted that it was upon condition that the interest and taxes should be paid, and that as the taxes for 1881 and 1882 had not been paid, and the total amount of taxes and assessments had been allowed to exceed, by the sum of $900, the market value of the bonds (Alabama state bonds, which, in 1879, Worrall had deposited with the complainant to answer for the payment of taxes upon the property) held by the complainant as security therefor, the agreement was forfeited.    The $5,000 bond and mortgage were given in pursuance of that application and proposition, and the evidence leads to the conclusion that they were given in order to obtain not a new and further extension, but the benefit of the extension of 1881, which, in consideration of the giving of such collateral security, the complainant was willing to recognize and accord.

The evidence does not establish the defence that the bill was filed prematurely.

There will be a decree for the complainant in accordance with this decision.

*Messrs. Gilhooly & Marsh,* for appellants.

*Mr. George W. Hubbell,* for respondent.

PER CURIAM.

This decree unanimously affirmed for the reasons given by the Chancellor.